# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RONALD W. WOLFE,

        Petitioner,        Case No. 05-C-85

    v.

GREG GRAMS,

        Respondent.

## OPINION AND ORDER

Pursuant to this court's Order of February 24, 2005, the parties to this habeas corpus action have briefed the issue of whether Petitioner Ronald Wolfe can show cause and prejudice for failing to raise three of his federal habeas issues in the state courts. The Respondent contends that Wolfe has defaulted the following claims by failing to exhaust them:

> –that his trial counsel failed to object to the alleged hearsay testimony that indicated that the victim feared Wolfe;
>
> –that his trial counsel waived Wolfe's confrontation rights;
>
> –that his trial counsel failed to object to the "uncharged jewelry allegation."

Wolfe has subsequently withdrawn his claim that his trial counsel failed to object to hearsay evidence, so only the remaining two claims are at issue. Wolfe says that he did not present those claims to the state courts because his appellate counsel was ineffective. He also says that failure to address the claims on collateral review will result in a fundamental miscarriage of justice. In the alternative, he argues

that he did fairly present his confrontation right claim to the state courts. This court finds that he did not. Therefore, the court must consider the procedural default issue.

The Seventh Circuit has explained that:

> A procedural default can be overcome if a petitioner can show cause and prejudice for the default. Todd v. Schomig, 283 F.3d 842, 848 (7th Cir.2002). Lee argues that the failure of his appellate counsel to raise the prosecutorial misconduct issue on direct appeal was constitutionally ineffective assistance and was the cause of his procedural default. "Attorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default." Franklin v. Gilmore, 188 F.3d 877, 883 (7th Cir.1999); see also Coleman, 501 U.S. at 753-54, 111 S.Ct. 2546. Whether an attorney's ineffectiveness is sufficient to overcome a procedural default is evaluated under the familiar constitutional test outlined in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Coleman, 501 U.S. at 752, 111 S.Ct. 2546. Therefore, to make a showing sufficient to establish cause for his procedural default, Lee would have to demonstrate: (1) that his counsel's performance was so deficient as to fall below an objective standard of reasonableness under "prevailing professional norms"; and (2) that the deficient performance so prejudiced the defense as to deny the defendant a fair trial. Strickland, 466 U.S. at 687-88, 104 S.Ct. 2052; see also Franklin, 188 F.3d at 883-84. The failure of appellate counsel to raise an issue on appeal requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is "both obvious and clearly stronger" than the issues raised, the appellate counsel's *901 failure to raise the neglected issue is objectively deficient. Winters v. Miller, 274 F.3d 1161, 1167 (7th Cir.2001); Williams v. Parke, 133 F.3d 971, 974 (7th Cir.1997). Prejudice is established if the issue not raised "may have resulted in a reversal of the conviction or an order for a new trial." Winters, 274 F.3d at 1167. This means there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised.
>
> However, there is one preliminary puzzle we must examine before we proceed. The Supreme Court's decision in

2

> Edwards v. Carpenter, 529 U.S. 446, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000), established that the assertion of ineffective assistance as a cause to excuse a procedural default in a § 2254 petition is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted. Id. at 453, 120 S.Ct. 1587.

Lee v. Davis, 328 F.3d 896, 900-01 (7th Cir. 2003).

In this case, the record does not show that Wolfe presented the issue of whether his appellate counsel was constitutionally ineffective to the state courts. Therefore, he cannot rely upon the alleged ineffective assistance of his appellate counsel as cause for his default, so the court concludes that he has procedurally defaulted the claim that his trial counsel waived his confrontation rights and the claim that his trial counsel failed to object to the "uncharged jewelry allegation." As a result, the court ORDERS that these claims are dismissed.

IT IS FURTHER ORDERED that the Petitioner shall serve and file a brief and any papers supporting his remaining claims within forty days of the date of this Opinion and Order.

IT IS FURTHER ORDERED that the Respondent shall serve and file a response within forty days of the filing of the Petitioner's principal brief. The Petitioner may serve and file a reply within thirty days of the filing of the response.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 31st day of May, 2006.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge

3

4