UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RONALD W. WOLFE,

    Petitioner,

    v.                                          Case No. 05-C-85

GREG GRAMS,

    Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION AND
SETTING NEW BRIEFING SCHEDULE**

        On January 25, 2005, the petitioner, Ronald W. Wolfe ("Wolfe"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a brief in support of his petition. After reviewing Wolfe's petition, the Honorable Thomas J. Curran, to whom this action was previously assigned, ordered the respondent to file an answer. On February 18, 2005, the respondent filed his answer. In his answer, the respondent alleges that some of Wolfe's claims have been procedurally defaulted. Such being the case, on February 24, 2005, Judge Curran ordered the parties to brief the procedural default issue. Thereafter, on May 31, 2006, Judge Curran issued a decision and order finding that Wolfe had procedurally defaulted the following claims: (1) that his trial counsel was ineffective because he waived Wolfe's confrontation rights, and (2) that his trial counsel was ineffective because he failed to object to the "uncharged jewelry allegation." Consequently, the court ordered those two claims dismissed. On June 12, 2006, this action was reassigned to this court based on the parties' consent to proceed before a magistrate judge. On June 15, 2006, Wolfe filed a motion for

reconsideration of Judge Curran's May 31, 2006 Decision and Order dismissing two of Wolfe's claims as procedurally defaulted.

Federal Rule of Civil Procedure 54(b) allows any order adjudicating fewer than all the claims to be revised at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider (or more formally, to revise) an order under Rule 54(b) are judged by largely the same standards as motions to alter or amend a judgment under Rule 59(e): to correct manifest errors of law or fact or to present newly discovered evidence. *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987). Here, Wolfe has not presented newly discovered evidence nor has he shown that the court's May 31, 2006 Decision and Order contained a manifest error of law. Indeed, in his motion for reconsideration, Wolfe simply makes the same arguments that he initially made in his briefs addressing the procedural default of these two claims. However, a motion to reconsider is not intended to allow the parties to relitigate old issues or to advance new theories. *See Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). I recognize that Wolfe is disappointed with the court's May 31, 2006 Decision and Order dismissing two of Wolfe's claims as procedurally defaulted. However, after giving due consideration to Wolfe's arguments and after reviewing the court's May 31, 2006 decision and order, I find that there is no basis to alter that decision. Accordingly, Wolfe's motion for reconsideration will be denied.

In the May 31, 2006 Decision and Order, the court ordered Wolfe to file a brief in support of his remaining claims within forty (40) days of its order, the respondent to file a response within forty (40) days of the filing of the petitioner's brief, and Wolfe to file his reply, if any, within thirty (30) days of the filing of the response. On June 20, 2006, this court adopted the briefing schedule set forth in Judge Curran's May 31, 2006 Decision and Order. However, in his motion for

reconsideration, Wolfe indicates that he already filed his brief in support of his petition for habeas corpus (addressing all of his claims). To be sure, Wolfe filed his brief in support of his petition for a writ of habeas corpus on January 25, 2005 in conjunction with his petition. Such being the case, the court sets the following new briefing schedule: the respondent shall file his response brief **on or before August 18, 2006** and Wolfe shall file his reply brief, if any, **on or before September 18, 2006**.

Finally, there is one last matter the court will address. On June 20, 2006, Wolfe filed a letter with the court requesting copies of his brief, appendix, and exhibits, which were filed on January 25, 2005. In his June 20, 2006 letter, Wolfe states that the reason why he needs a copy of his brief, appendix, and exhibits is "because the court has declined to address two (2) important claims, and said I must return to the state courts and exhaust [those] claims." The court, however, has not ordered Wolfe to return to the state courts to exhaust those claims. Rather, in its May 31, 2006 decision and order, the court dismissed those two claims as procedurally defaulted and declined to stay Wolfe's federal habeas action to allow him to return to state court to file a *Knight* petition alleging ineffective assistance of appellate counsel in an effort to show "cause and prejudice" and overcome the procedural default of those two claims. Thus, Wolfe's federal habeas action has not been stayed and will proceed according to the briefing schedule set forth above.

**NOW THEREFORE IT IS ORDERED** that the petitioner's motion to reconsider be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the respondent file his response brief **on or before August 18, 2006**, and the petitioner file his reply brief, if any, **on or before September 18, 2006**.

3

**SO ORDERED** this 20th day of July 2006, at Milwaukee, Wisconsin.

                                         /s/ William E. Callahan, Jr.
                                         WILLIAM E. CALLAHAN, JR.
                                         United States Magistrate Judge