UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD W. WOLFE,

    Petitioner,

v.                                                                               Case No. 05-C-85

GREG GRAMS,

    Respondent.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

On June 7, 2007, this court issued a decision and order denying petitioner Ronald W. Wolfe's ("Wolfe") petition for a writ of habeas corpus and dismissing the above-captioned action. On June 20, 2007, Wolfe filed a motion for reconsideration of the court's decision. Wolfe's motion will be denied.

Neither the Federal Rules of Civil Procedure nor the Rules Governing Section 2254 Cases in the United States District Courts expressly recognize motions for "reconsideration." *See Hope v. United States*, 43 F.3d 1140, 1142, n.2 (7th Cir. 1994) (stating that "strictly speaking" a motion for reconsideration does not exist under the Federal Rules of Civil Procedure). Instead, such motions are typically treated as motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgment or orders under Rule 60(b).

However, it is well settled that a Rule 59(e) motion is not intended to allow the parties to relitigate old issues, to advance new theories, or to rehear the merits of a case. *See Diebitz v. Arreola*, 834 F. Supp. 298, 302 (E.D. Wis. 1993). Rather, recognized grounds for such motions

include a "manifest error of fact or law" by the trial court, "newly discovered evidence," or "a change in law." *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998.) And, the decision whether to grant such motions is left to the sound discretion of the trial court. *Diebitz*, 834 F.Supp. at 302.

In *Database America Inc. v. BellSouth Advertising and Publishing Corp.*, 825 F.Supp. 1216 (D. N.J. 1993), the court held that:

> A motion for reconsideration or to alter or amend a judgment may be made for one of three reasons: "(1) [A]n intervening change in the controlling law has occurred, (2) evidence not previously available has become available, or (3) it is necessary to correct a clear error of law or prevent manifest injustice." A motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'"

*Id.* at 1220 (citations omitted).

Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Fed.R.Civ.P. 60(b). Rule 60(b)(6) permits reopening when the movant shows "any . . . reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rules 60(b)(1)-(5). *Id.*

I have reviewed the petitioner's motion for reconsideration together with his affidavit filed therewith. Bearing in mind the above standards, I am satisfied that there is no reason to reconsider my decision of June 7, 2007. Thus, the petitioner's motion for reconsideration will be denied.

**NOW THEREFORE IT IS ORDERED** that the petitioner's motion for reconsideration be and hereby is **DENIED**.

**SO ORDERED** this 22nd day of June 2007, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge